### IN THE UNITED STATES DISTRICT COURT OF MARYLAND
### FOR BALTIMORE CITY

**WILLIAM B. HARRIS, II**
4628 Rokeby Road
Baltimore, Maryland 21229

  PLAINTIFF

vs.

**HOUSING AUTHORITY OF BALTIMORE CITY**
Serve: H. Rainbow Lin
417 East Fayette Street, Suite 401
Baltimore, Maryland 21202

and

**MAYOR AND CITY COUNCIL**
Serve: George A. Nilson, Esq.
100 North Holliday Street
Room 101
Baltimore, Maryland 21202

  DEFENDANTS'

**Case Number: 14-3395**

### COMPLAINT & JURY DEMAND

  COMES NOW plaintiff William B. Harris, II, ("Mr. Harris or "Plaintiff"), by and through his undersigned counsel and seeks redress for unlawful employment practices perpetrated by defendant, in violation of both Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, 42 U.S.C. Sections 2000e et seq., and other state laws. For reasons state:

### PRELIMINARY STATEMENT

  1. This action for declaratory, injunctive, monetary and other appropriate relief is brought by Plaintiff to redress intentional violations by Defendant of rights secured to him by the laws of the United States and the statutory and common law of the State of Maryland. This

action arises under Title II of the Americans with Disabilities Act, as amended, 42 U.S.C.A §§ 12101 et seq. ("ADA"),, and Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794 ,42 U.S.C. Sections 2000e et seq. and the Civil Rights Act of 1866 ("Section 1981"), as amended, 42 U.S.C. § 1981.

## JURISDICTION

2.      The Court has jurisdiction pursuant to the following statues:

a.      28 U.S.C. § 1331, 42 U.S.C. § 12117, and 29 U.S.C. § 1132(e), all of which provide for original jurisdiction of Plaintiff's claims arising under the laws of the United States and over actions to secure equitable and other relief;

b.      28 U.S.C. 1343 (3) and (4), which gives the district courts' jurisdiction over actions to secure civil rights extended by the United States government.

c.      The court has supplemental jurisdiction under 28 U.S.C. §1367 over Plaintiff's claims under the statutory and common laws of the State of Maryland because Plaintiff's claims are so related to the claims within the court's original jurisdiction that they form part of the same case or controversy under article 3 of the U.S. Constitution

## VENUE

3.      Venue is proper in this district under 28 U.S.C. *§1391(a) (2)*, and *§1391(b) (2)* because the Defendant is located in this district and the events or omissions giving rise to this claim occurred in this district.  Also, venue is proper in this district under 42 U.S.C. §2000e-5(f)(3) because the alleged unlawful employment practices were committed in this district, the employment records relevant to the alleged unlawful employment practices are maintained and administered in this district, and Defendants has its principal office in this district.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

4.      Plaintiff timely filed charges of discrimination. On July 30, 2014, the U.S. Department of Justice issued to the Plaintiff a Notice of Right to Sue. Plaintiff filed this complaint within (ninety) 90 days after receiving a notice of the right to sue from the EEOC. (Attached hereto as "Exhibit A"). Plaintiff has therefore exhausted his administrative remedies and has complied with all conditions precedent to maintaining this action.

## PARTIES

5.      William B. Harris, II (herein after "Mr. Harris" or Plaintiff") is a natural person, an African American male citizen of the United States of America and the State of Maryland, residing in Baltimore City.   At all times relevant hereto Mr. Harris was an employee of Defendants' HABC and Mayor and City Council of Baltimore.

6.      Defendant Housing Authority of Baltimore City (hereinafter "HABC") is a municipal corporation organized under the laws of the State of Maryland and is located in Baltimore City in the State of Maryland..

7.      Defendant Mayor and City Council of Baltimore City (hereinafter "MCC") is a municipal corporation organized under the laws of the State of Maryland and is located in Baltimore City in the State of Maryland.

## FACTUAL ALLEGATIONS COMMON TO EACH COUNT

8.      Plaintiff, William Harris, began his employment with the Baltimore City Housing Authority on December 22, 2003.

9.      On January 7, 2013, Plaintiff and his co-worker, were involved in executing a work order at 2830 Denham Circle at HABC's Cherry Hill worksite. Plaintiff subsequently suffered a work related injury to his right knee.

10.      On January 8, 2013, Plaintiff notified his supervisor of his injuries that occurred on January 7, 2013.  His supervisor, Ronald Thorne-El, obtained a requisition via Janell Warner

of Human Resources for Plaintiff to be evaluated by Defendants' Doctor's at  Concentra Operating Corporation "Concentra".

11.     On January 9, 2013, Plaintiff visited Concentra whereby doctors diagnosed Plaintiff with injuries to his right knee and prescribed medication.  Concentra doctors required that Plaintiff be placed on light-duty.

12.     On March 14, 2013, as a result of suffering severe pain and other related issues, Plaintiff underwent surgery for a municipal-disc-tear.

13.     On March 27, 2013, Plaintiff returned to work on light-duty, per Defendants' Doctor Cyrus Pezeslak.

14.     On April 22, 2013, Plaintiff sought treatment for his injuries from his personal physician Dr. Scott Rudick.  Plaintiff made visits to Dr. Rudick from April 22, 2013 through June 18, 2013.  Dr. Rudick, referred Plaintiff to several specialist for treatment of his injuries. Plaintiff continued employment with Defendants' on light-duty status.

15.     On April 25, 2013, Plaintiff saw Dr. Michael A. Franchetti, MD, who placed Plaintiff on a two (2) week work related leave due to the continued problems, which arose from Plaintiff,'s January 7, 2013, work related injury.

16.     On June 4, 2012, Dr. William J. Launder  placed Plaintiff on an additional two (2) weeks leave as a result of Plaintiff's injuries.

17.     On June 18, 2013, Plaintiff returned to work on light duty status.   Subsequently, on July 2, 2013, Dr. McGovern placed Plaintiff on a thirty (30) day leave of absence, because Plaintiff symptoms continued to cause Plaintiff excruciating pain.

18.     On August 2, 2013, Plaintiff returned to work  again on light duty and on October 18, 2013, Plaintiff returned to Dr. McGovern to receive Synvisc-One injections for continued pain.  These injections were repeated on October 18th, 25th, and November 1, 2013.

19.     On November 8, 2013, Plaintiff returned to Dr. McGovern for follow-up whereby Synvisc-One injections were administered a fifth time to no avail to Plaintiff's knee pain.

20.     On November 26, 2013, Dr. McGovern noted no improvement in Plaintiff's condition.

21.     On December 2, 2013,  at the request of the Defendants', Plaintiff  was examined by John B. O'Donnell, MD., for purposes of conducting an Independent Medical Evaluation "IME".

22.     It was Dr. O'Donnell's opinion that Plaintiff remain on light duty status. Dr. O'Donnell opined, based on medical certainty that Plaintiff would be able to return to Chief Mechanic at some point.

23.     On December 13, 2013, Plaintiff visited Dr. McGovern who read the findings of the independent medical evaluation written by Dr. O'Donnell and requested that Plaintiff remain on light duty indefinitely.  Moreover, Dr. McGovern discharged Plaintiff from his care, citing that Plaintiff had reached full medical improvement, which still left Plaintiff permanently injured and on light duty.

24.     On January 28, 2014, Ms. Warner terminated Plaintiff's light duty, stating that light duty was no longer available. Ms. Warner contacted Mr. Thorne-El, and stated that Plaintiff needed to continue doctor visits to prove continuous light duty. Plaintiff requested that he be given a position in the office which would accommodate his current light duty restrictions. His request prove futile.

25.   On January 28, 2014, at the request of Ms. Warner, Plaintiff visited Dr. McGovern's office, who reaffirmed his findings that Plaintiff suffered a permanent disability and needed light duty.

26.   On February 3, 2014, Ms. Warner requested Plaintiff to provide her with a resume of job qualifications. Moreover, Ms. Warner never specified why and when the resume would need to be provided to her.

27.   On February 20, 2014, Plaintiff received a United States Postal Service (USPS) notice stating that he had a certified letter that needed to be delivered.  On February 21, 2014, Plaintiff attempted to retrieve the letter but arrived after the postal service had closed.

28.   On February 25, 2014, the union president spoke with Plaintiff telephonically and stated that Plaintiff would be terminated that day if he did not turn over his resume.   Mr. Anthony Coates instructed Plaintiff to come to his office and stated where he called Ms. Warner telephonically. Mr. Coates placed Ms. Warner on speaker phone and Plaintiff was able to hear the conversation between Mr. Coates and Ms. Warner. Moreover, Vern Spriggs was also present. Mr. Coates asked Ms. Warner if Plaintiff "turned in his resume, could he keep his job".  Ms. Warner responded that if Plaintiff turned in his resume that she would talk to him about his job. Subsequently, Plaintiff attempted to drop off his resume but was advised by Mr. Coates that he was informed by Ms. Warner that she didn't want to talk to him about Plaintiff's job because he was to be terminated after 4 p.m. that day. Plaintiff was subsequently terminated.

29.   On March 20, 2014, an exit hearing was held with Carla Walton, Senior Human Resource Manager, and with Anthony Coates.  Ms. Walton was asked if there was some way that Plaintiff could have his job back.  Ms. Walton stated that she would hire Plaintiff as a Building Monitor; at $8.96 per hour. Plaintiff's salary prior to being unlawfully terminated was over

$17.00 per hour. Mr. Coates inquired further and Ms. Walton stated that the position was not permanent and likely to be phased out in the future.

30.     Plaintiff's instant complaint follows.

## COUNT I
## DISABILITY DISCRIMINATION IN VIOLATION OF THE ADA
## (AGAINST ALL DEFENDANTS')

31.     Plaintiff incorporates each and every fact stated in this complaint as though fully set forth herein.

32.     Plaintiff sues each Defendants' named herein jointly and severally, for the reasons stated in this count.

33.     At all relevant times, Plaintiff is a disabled person as intended by the ADA, in that Plaintiff has a physical impairment that substantially limits one or more of Plaintiff's major life activities, including traveling, taking care of personal needs, cleaning his home, shopping, taking out trash and sleeping.  Defendants' also regarded Plaintiff as having such an impairment, as set forth under 42 U.S.C. § 12102(2)(A),(C)

34.     Title II of the ADA, found at 42 U.S.C. §§12131-12134, extends to state and local governments the non-discrimination provisions of the ADA.  It requires that their services, programs and activities of state and local governments be administered in the most integrated setting appropriate to the needs of qualified individuals with disabilities.

35.     Plaintiff is a 43 year old man who suffered permanent injury to his right knee as a direct result of being injured at work. .

36.     Plaintiff is otherwise qualified to perform the essential functions of a Chief Mechanic, with or without reasonable accommodations by the Defendants'.

37.     Plaintiff's  and Defendants' medical doctors ordered that due to the Plaintiff condition his work assignment should be light duty.

38.     Defendant's knowingly, intentionally, recklessly and/or negligently discriminated against the Plaintiff because of his disability and/or handicap.  In that, the Defendants failed to provide reasonable accommodation to qualified person suffering a disability that affects one or more of life's major actualities who are capable of performing the duties and/or work for the State with or without reasonable accommodations, when such reasonable accommodations will not provide a financial hardship on the Defendants'.

39.     As a direct and the proximate result of the Defendants' acts and/or omissions the Plaintiff sustained economic injuries, humiliation, embarrassment, unnecessary pain, and a loss of employment for which the Defendant is required by law to be provided a remedy.

**WHEREFORE**, the Plaintiff requests that this Court enter judgment against the Defendants providing the following relief:

a. Back pay, front pay, and lost benefits;

b. Compensatory damages;

c. Prejudgment interest;

d. Reasonable attorney's fees and costs;

e. Sanitize his personnel records and other records about him to eliminate the improperly imposed discipline;

f. Such other legal and equitable relief as may be just and proper under the circumstances

## COUNT II
## VIOLATION OF THE REHABILITATION ACT
### (ALL DEFENDANTS')

40.    Plaintiff incorporates each and every fact stated in this complaint as though fully set forth herein.

41.    Plaintiff sues each Defendants' named herein jointly and severally and for the reasons stated in this count.

42.    Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794, et seq., incorporating certain provisions of the Americans with Disabilities Act ("ADA") relating to employment discrimination, expressly prohibits employers from discriminating against an otherwise qualified individual with a disability

43.    Section 504 of the Rehabilitation Act of 1973 is applicable to public employers that receive federal financial assistance and HABC and Mayor and City Council  receives federal financial assistance.

44.    At all relevant times, Plaintiff is a disabled person as intended by the Rehabilitation Act, in that Plaintiff has a physical impairment that substantially limits one or more of Plaintiff's major life activities, including traveling,  taking care of personal needs, cleaning his home, shopping, taking out trash and sleeping.  Defendants' also regards Plaintiff as having such an impairment, as set forth under Rehabilitation Act of 1973, 29 U.S.C. § 794, et seq.

45.    Plaintiff is a 43 year old man who suffered permanent injury to his right knee as a direct result of being injured at work. .

46.    Plaintiff is otherwise qualified to perform the essential functions of a Chief Mechanic, with or without reasonable accommodations by the Defendants'.

47.    Plaintiff's  and Defendants' medical doctors ordered that due to the Plaintiff condition his work assignment should be light duty.

48.    Defendant's knowingly, intentionally, recklessly and/or negligently discriminated against the Plaintiff because of his disability and/or handicap.  In that, the Defendants failed to provide reasonable accommodation to qualified person suffering a disability that affects one or more of life's major actualities who are capable of performing the duties and/or work for the State with or without reasonable accommodations, when such reasonable accommodations will not provide a financial hardship on the Defendants'.

49.    As a direct and the proximate result of the Defendants' acts and/or omissions the Plaintiff sustained economic injuries, humiliation, embarrassment, unnecessary pain, and a loss of employment for which the Defendants' is required by law to be provided a remedy

50.    Defendants' 'discriminated against Plaintiff in violation of Section 504 of the Rehabilitation Act.

51.    The Defendants' discrimination of Plaintiff exacerbated his medical conditions. In addition, the Defendants' discriminatory treatment of Plaintiff has caused him physical and emotional pain, mental anguish, humiliation and embarrassment, damage to official reputation and development, and loss of income and other benefits.

**WHEREFORE**, the Plaintiff requests that this Court enter judgment against the Defendants providing the following relief:

a. Back pay, front pay, and lost benefits;

b. Compensatory damages;

c. Prejudgment interest;

d. Reasonable attorney's fees and costs;

e. Sanitize his personnel records and other records about him to eliminate the improperly imposed discipline;

10

f. Such other legal and equitable relief as may be just and proper under the circumstances.

## COUNT III
## FAILURE TO ACCOMMODATE UNDER THE REHABILITATION ACT
### (ALL DEFENDANT'S)

52. Plaintiff hereby incorporates by reference paragraphs 1 through 51 as if they were fully restated herein.

53.     Plaintiff sues each Defendants named herein jointly and severally, for the reasons stated in this count.

54. Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794, et seq., incorporating certain provisions of the Americans with Disabilities Act ("ADA") relating to employment discrimination, expressly prohibits employers from discriminating against an otherwise qualified individual with a disability

55.  Section 504 of the Rehabilitation Act of 1973 is applicable to public employers that receive federal financial assistance and Defendants' receives federal financial assistance.

56.     At all relevant times, Plaintiff is a disabled person as intended by the Rehabilitation Act, in that Plaintiff has a physical impairment that substantially limits one or more of Plaintiff's major life activities, including traveling,  taking care of personal needs, cleaning his home, shopping, taking out trash and sleeping.  Defendant also regards Plaintiff as having such an impairment, as set forth under Rehabilitation Act of 1973, 29 U.S.C. § 794, et seq.

57.     Defendant's discriminated against Plaintiff in violation of Section 504 of the Rehabilitation Act.

58.     Plaintiff was a qualified individual with a disability as that term is defined by the ADA and the Rehabilitation Act.

11

59.     The Defendants' discrimination of Plaintiff exacerbated his medical conditions and negatively affected his long term medical prognosis. In addition, the Defendants' discriminatory treatment of Plaintiff caused him physical and emotional pain, mental anguish, humiliation and embarrassment, damage to official reputation and development, and loss of income and other benefits.

**WHEREFORE**, the Plaintiff requests that this Court enter judgment against the Defendants' providing the following relief:

a. Back pay, front pay, and lost benefits;

b. Compensatory damages;

c. Prejudgment interest;

d. Reasonable attorney's fees and costs;

e. Sanitize his personnel records and other records about him to eliminate the improperly imposed discipline;

f. Such other legal and equitable relief as may be just and proper under the circumstances.

## COUNT IV
## WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY
### (ALL DEFENDANTS')

60.     Plaintiff incorporates all prior counts and paragraphs as if fully written herein.

61.     Each Defendant named in this Complaint were aware that Plaintiff was disabled as defined by Title II of the ADA.

62.     The treatment of Plaintiff by the Defendants' was perpetuated with malice and reckless disregard of fundamental decency with the intention of causing Plaintiff's termination of his employment with his employer.

12

63.     The conduct of Defendants' was intentional, willful, and calculated to cause damage to the Plaintiff's lawful employment with his employer.  Their conduct was perpetuated with the intentional and improper purpose of causing damage to Plaintiff and was without justifiable cause.  Moreover, Plaintiff's termination was contrary to clear mandate of public policy, including, Title II of the Americans with Disabilities Act, as amended, 42 U.S.C.A §§ 12101 et seq. ("ADA"),, and Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794 ,42 U.S.C. Sections 2000e et seq. and the Civil Rights Act of 1866 ("Section 1981"), as amended, 42 U.S.C. § 1981., preventing discrimination in the work place.

64.     As a result of the conduct of Defendants' Plaintiff suffered loss of employment, loss of pay, loss of wages, severe emotional trauma including anxiety, depression, financial losses and fringe benefits.

65.   As a result of Defendants conduct and actions Plaintiff has suffered and will continue to suffer loss of employment, lost wages and other consequential damages and harm to his reputation.

**WHEREFORE,** Plaintiff prays judgment individually and severally against each Defendants in the amount of $300,000.00 (Three Hundred Thousand Dollars), plus reasonable attorney's fees and cost.

## COUNT V
## WRONGFUL TERMINATION IN VIOLATION OF
## IN VIOLATION OF MD. STATE GOVERNMENT CODE ANN. § 20-606
### (ALL DEFENDANTS')

66.     Plaintiff incorporates all prior counts and paragraphs as if fully written herein.

67.     Defendants' used the following discriminatory employment practices in violation of Md. State Government Code Ann. § 20-606: disciplinary policies and practices, performance review and evaluation policies and practices, work schedules and assignments policies and practices. Although these practices appear to be neutral, they serve to discriminate against a disproportionate number of disabled employees, employees over the age of 40 and/or African American employees.

68.     As a direct and proximate result of Defendants' unlawful employment practices, the Plaintiff has suffered irreparable injuries, including but not limited to loss of employment, loss of pay, benefits and other economic losses, emotional pain and suffering, mental anguish, humiliation, embarrassment, personal indignity and other intangible injuries for all of which she should be compensated.

69.     Defendants' were aware that its decision to terminate Plaintiff was motivated because of Plaintiff's disability and because he filed a Workers Compensation claim.

70.     Defendants' had actual and/or constructive knowledge about the retaliatory motivated discrimination and not only failed to take prompt and adequate remedial action, but instead, participated.

71.     The treatment of Plaintiff by the Defendants' was perpetuated with malice and reckless disregard of fundamental decency with the intention of causing Plaintiff's termination of his employment with his employer.

72.     The conduct of Defendants' was intentional, willful, and calculated to cause damage to the Plaintiff's lawful employment with his employer. Their conduct was perpetuated with the intentional and improper purpose of causing damage to Plaintiff and was without

14

justifiable cause. Moreover, Plaintiff's termination was contrary to clear mandate of public policy, including,  Md. State Government Code Ann. § 20 and Md. Code Ann., Cts. & Jud.  Proc. 6-102 and 6-103. 1. preventing discrimination in the work place.

73.     As a result of the conduct of Defendants' Plaintiff suffered loss of employment, loss of pay, loss of wages, severe emotional trauma including anxiety, depression, financial losses and fringe benefits.

74.     As a result of Defendants' conduct and actions Plaintiff has suffered and will continue to suffer loss of employment, lost wages and other consequential damages and harm to his reputation.

**WHEREFORE**, the Plaintiff requests that this Court enter judgment against the Defendants' providing the following relief:

a. Back pay, front pay, and lost benefits;

b. Compensatory damages;

c. Prejudgment interest;

d. Reasonable attorney's fees and costs;

e. Sanitize his personnel records and other records about him to eliminate the improperly imposed discipline;

f. Such other legal and equitable relief as may be just and proper under the circumstances.

**COUNT VI**
**DISCRIMINATION IN VIOLATION OF**
**MD. ANN. CODE, STATE GOV'T, §§ 20-601**
**(ALL DEFENDANTS')**

75.     Plaintiff incorporates each and every fact stated in this complaint as though fully set forth herein.

15

76.     Plaintiff is a member of a protected class in that he is African American and has a disability.

77.     Plaintiff was discriminated based on his disability. At all relevant times, Plaintiff is a disabled person as intended by the Md. Ann. Code, State Gov't, §§ 20-601 et seq , in that Plaintiff has a physical impairment that substantially limits one or more of Plaintiff's major life activities, including traveling,  taking care of personal needs, cleaning his home, shopping, taking out trash and sleeping.  Defendant also regards Plaintiff as having such an impairment, as set forth under Md. Ann. Code, State Gov't, §§ 20-601 et seq.

78.     Plaintiff is otherwise qualified to perform the essential functions of a Chief Mechanic, with or without reasonable accommodations by the Defendants'.

79.     Plaintiff's medical doctor and Defendants' medical doctor ordered that due to the Plaintiff condition his work assignment should continue at light duty status.

80.     Defendants' knowingly, intentionally, recklessly and/or negligently discriminated against the Plaintiff because of his disability and/or handicap.  In that, the defendants failed to provide reasonable accommodation to qualified person suffering a disability that affects one or more of life's major actualities who are capable of performing the duties and/or work for the State with or without reasonable accommodations, when such reasonable accommodations will not provide a financial hardship on the Defendants'.

81.     As a direct and the proximate result of the Defendants' acts and/or omissions the Plaintiff sustained economic injuries, humiliation, embarrassment, unnecessary pain, and a loss of employment for which the Defendants' has not but is required by law to provided a remedy.

82.     Defendants' discriminated against Plaintiff in violation of Md. Ann. Code, State Gov't, §§ 20-601 et seq.

83.     The Defendants' discrimination of Plaintiff exacerbated his medical conditions. In addition, the Defendants' discriminatory treatment of Plaintiff has caused him physical and emotional pain, mental anguish, humiliation and embarrassment, damage to official reputation and development, and loss of income and other benefits.

**WHEREFORE**, the Plaintiff requests that this Court enter judgment against the Defendants' for One Hundred Thousand Dollars ($100,000.00) or less and such other legal and equitable relief as may be just and proper under the circumstances.

**COUNT VII**
**RETALIATION  IN VIOLATION OF MD CODE ANN.,**
**LABOR & EMPL. ART., § 9-1105**
**(ALL DEFENDANTS')**

84.     Plaintiff incorporates each and every fact stated in this complaint as though fully set forth herein.

85.     From 2003 through February 2014, Plaintiff was an employee and Defendants' were his employer within the meaning of The Maryland Workers' Compensation Law MD Code Ann., Labor & Empl. Art., § 9-1105. The Maryland Workers' Compensation Law Md. LABOR AND EMPLOYMENT Code Ann. 9-1105 provides: (a) Prohibited act-- An employer may not discharge a covered employee from employment solely because the covered employee files a claim for compensation under this title. Discharging an employee because that employee filed a workers compensation claim contravenes a clear mandate of Maryland public policy.

86.     In January 2013, Plaintiff filed a Workers Compensation Claim as a result of suffering severe, debilitating and permanent on the job injuries. Since the filing of Plaintiff's claim, the Defendants' and its agents have engaged in a pattern of harassment.

87.     Defendants' discriminated and retaliated against Plaintiff by:, (a) removing Plaintiff from light duty without justification; (b) Forcing Plaintiff unnecessarily  to continue to

seek medical opinions to be placed back on light duty after Ms. Warner advised Plaintiff that light duty was no longer available; (c) requesting Plaintiff's Resume without explaining the purpose of why a resume was required; (d) not providing Plaintiff with a date certain to turn in his resume (e) terminating Plaintiff's employment and (f) changing the terms and conditions of his employment through regular harassment.

88.     Moreover, after terminating Plaintiff in violation of public policy, Ms. Walton offered to rehire Plaintiff in a temporary capacity including a reduction in pay of almost nine dollars.

89. Defendants' retaliated and discriminated against plaintiff by choosing to terminate his employment despite prior statements that Plaintiff could comply with the request to turn in his resume to keep his job.

90. Defendants' engaged in the retaliatory and discriminatory conduct described in paragraphs above solely because plaintiff exercised his rights protected under the workers compensation act or, in the alternative, solely because plaintiff exercised rights protected by the workers compensation act and under other clear expressions of public policy.

91. Defendant acted intentionally and/or with reckless disregard for plaintiff's welfare in carrying out the retaliatory conduct described herein.

92.     The treatment of Plaintiff by the Defendants' was perpetuated with malice and reckless disregard of fundamental decency with the intention of causing Plaintiff's termination of his employment with his employer.

93.     As a result of the conduct of Defendants' Plaintiff suffered loss of employment, loss of pay, loss of wages, severe emotional trauma including anxiety, depression, financial losses and fringe benefits.

94.  As a result of Defendants conduct and actions Plaintiff has suffered and will continue to suffer loss of employment, lost wages and other consequential damages and harm to his reputation.

**WHEREFORE,** Plaintiff prays judgment individually and severally against each Defendants in the amount of $300,000.00 (Three Hundred Thousand Dollars), plus reasonable attorney's fees and cost.

## COUNT VIII
## DISPARATE TREATMENT – RACE DISCRIMINATION
### TITLE VII.
### (ALL DEFENDANTS')

95.  Plaintiff incorporates each and every fact stated in this complaint as though fully set forth herein

96. Defendants' treated Plaintiff less favorably than Jay McCullough (Caucasian) and James Morris (Caucasian) in that Defendants' allowed both McCullough and Morris to remain in light duty status indefinitely.

97. Moreover, upon information and belief, Mr. McCullough and Mr. Morris despite being similar situated , were not required to have continuous doctor visit's to maintain their light duty status, they were not required to tender a resume nor were their salaries reduced.

98.  Plaintiff reasonably believes the action of Defendants' to terminate him was motivated  among others by racial disfavor and animus against Plaintiff as an African American.

99.  The racial discriminatory action detrimentally affected Plaintiff, and would detrimentally affect a reasonable person of the same race in that position.

100. The racial discriminatory action suffered by Plaintiff effected the terms, conditions, and privileges of his employment.

101. Defendants' had actual and/or constructive knowledge about the racial discrimination and disparate treatment and not only failed to take prompt and adequate remedial action, but instead, participated in the racial discriminatory conduct and disparate treatment of Plaintiff.

102. As a direct and proximate result of this racial discrimination and disparate treatment, Plaintiff  has suffered the loss of his employment, has suffered injury to his reputation, injury to his career, pain, mental anguish, and humiliation; and, faces irreparable harm and future losses.

**WHEREFORE**, the Plaintiff requests that this Court enter judgment against the Defendants providing the following relief:

a. Back pay, front pay, and lost benefits;

b. Compensatory damages;

c. Prejudgment interest;

d. Reasonable attorney's fees and costs;

e. Sanitize his personnel records and other records about him to eliminate the improperly imposed discipline;

f. Such other legal and equitable relief as may be just and proper under the circumstances

**COUNT IX**
**DISPARATE TREATMENT IN VIOLATION OF SECTION 1981.**
**(ALL DEFENDANTS')**

103. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 102 into this count as though fully set forth herein, and further alleges that at all times relevant hereto Plaintiff

suffered disparate treatment because of his race as an African American, in violation of Section 1981.

104.   The Defendants' intentionally, with malice and reckless indifference to federal, state, and local laws prohibiting racial discrimination in employment, directly discriminated against Plaintiff and treated Plaintiff less favorably than Jay McCullough and James Morris and other white similarly situated employee's  who requested light duty assignments.

105. Plaintiff reasonably believes the action of Defendants' to terminate him was motivated  among others by racial disfavor and animus against Plaintiff as an African American.

106. The racial discriminatory action detrimentally affected Plaintiff, and would detrimentally affect a reasonable person of the same race in that position.

107. The racial discriminatory action suffered by Plaintiff effected the terms, conditions, and privileges of Plaintiff's employment.

108. Defendants' had actual and/or constructive knowledge about the racial discrimination and disparate treatment and not only failed to take prompt and adequate remedial action, but instead, participated in the racial discriminatory conduct and disparate treatment of Plaintiff.

109. As a direct and proximate result of this racial discrimination and disparate treatment, Plaintiff has suffered the loss of his employment, has suffered injury to his reputation, injury to his career, pain, mental anguish, and humiliation; and, faces irreparable harm and future losses.

Respectfully Submitted,

_/s/  Kim Parker /s/_____
Kim Parker, Esquire
Bar Number: 23894
LAW OFFICES OF KIM PARKER, P.A.

21

2123 Maryland Avenue
Baltimore, Maryland 21218
410-234-2621
F:410-234-2612
E: kp@kimparkerlaw.com

COUNSEL TO PLAINTIFF WILLIAM HARRIS


## **JURY TRIAL PRAYER**


Plaintiff prays a jury trial on all counts herein stated in his Complaint.



_/s/_Kim Parker /s/_____
Kim Parker, Esq.