IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

WILLIAM B. HARRIS, II                                :

              v.                                     :              CIVIL NO.  JKB 14-3395

HOUSING AUTHORITY                                   :
OF BALTIMORE CITY

REPORT AND RECOMMENDATION

On May 31, 2016, this case was referred to me for Discovery and related scheduling matter. On July 1, 2016, the Defendant renewed their Motion for Sanctions. As a result of irreconcilable ongoing discovery issues, a hearing was held on August 19, 2016 to allow the parties an opportunity to supplement the pleadings filed with the Court.

INTRODUCTION

The Complaint in this case was filed on October 28, 2014 (ECF 1).  An Amended Complaint was filed on October 9, 2015 (ECF 28).  A Scheduling Order was entered on November 2, 2015, setting a discovery deadline for March 16, 2016 (ECF 31).  Discovery was problematic from the beginning and Defendant filed a Motion to Dismiss for failure to answer discovery on April 4, 2016 (ECF 37). In short Defendant had propounded discovery to Plaintiff and stated that despite its attempts to obtain responses, Plaintiff has failed to respond and failed to respond to correspondence sent by Defendant's counsel.  Plaintiff responded to the Motion that she had not complied with discovery requests but would make a good faith effort to do so in five days (ECF 38). Plaintiff did not respond within the five days as set forth in Defendant's Reply and Defendant sought sanctions (ECF 39). The Court set a motions hearing (ECF 40), which was later vacated due to Plaintiff's counsel being unavailable and Plaintiff alleging she had complied, although tardy, with discovery (ECF 44). The Court Ordered as follows:

1

"In consideration whereof, it is ORDERED:

1. The motions hearing previously set in for May 12, 2016, is VACATED;

2. On or before Friday, May 20, 2016, defense counsel is DIRECTED to file a memorandum (1) advising the Court whether Plaintiff's tardy production is complete and responsive to the requests propounded and (2) proposing a modified scheduling order with dates that will afford Defendant adequate time to review Plaintiff's responses and documents and to conduct such further discovery as Defendant requires.

The Court will HOLD IN ABEYANCE Defendant's pending Motion to Dismiss until defense counsel has filed the abovementioned advisement." (ECF 44).

On May 26, 2016, Defendant, as ordered by the Court, filed a Reply Memorandum in Response to the Court's Orders (ECF 44,45), again stating that Plaintiff had failed to provide complete and responsive discovery by May 20, 2016, and produced 1,000 pages of documents that were not anyway correlated to the document or interrogatory requests (ECF 50). In Defendant's response, Defendant included specific requests and detailed how the Plaintiff failed to adequately respond to the discovery (ECF 50, Att. 1).

This Court conducted a telephone status conference on May 27, 2016, and reviewed the "troubled history" of the case including Defendant's failure to comply with discovery obligations in spite of numerous informal reminders and detailed memoranda from defense counsel (ECF 51). On May 31, this Court entered an Order and specifically "… WARNED Plaintiff's counsel that any further, material violations will result in dismissal of the case as a sanction". *Id.* The Court then attempted to mitigate the prejudice Defendant had suffered by Plaintiff's failure to comply with discovery. The Scheduling Order was modified and discovery was extended until

October 31, 2016. *Id.* In addition, the Court referred the case to a Magistrate Judge for supervision of discovery. *Id.*

On July 1, 2016, Defendant again renewed its Motion to Dismiss and included specific examples of Plaintiff's failure to respond to discovery (ECF 55). Plaintiff responded and Defendant filed their reply (ECF 56, 59). After the matter was briefed, a hearing was held on August 19, 2016. Plaintiff was represented by Kim Parker, Esquire and Defendant was represented by Carrie Riley, Esquire.

Defendant in its Renewed Motion to Dismiss  filed detailed examples of Plaintiff's continued failure to comply with discovery (ECF 55). Defendant's position, at its simplest, is that Plaintiff has not provided any factual basis for its claims, has not identified what documents are relevant and failed to identify witnesses that would support his claim[1]. Defendant sets forth the correspondence between the parties where Defendant identified the deficiencies and provided the reason for the need to supplement the responses:

"8. Plaintiff again fails to answer all contention interrogatories stating instead his contentions as if they were an answer. The interrogatories each typically ask "State with particularity and detail all facts in support of your contention..."

In response, Plaintiff states the contention again still omiting the facts in support of his contention.

By way of example Plaintiff responded to contentions as follows:

Int. No. 10. State with particularity and detail all facts in support of your contention you were discriminated against based upon your disability, including but not limited to treated disparately and/or denied a reasonable accommodation in violation of any law, including in your answer the identities of all those with personal knowledge of any such facts and identification of all documents which relate or refer to those facts.

---

[1]  I have not included an interrogatory by interrogatory review regarding the failure to provide discovery but incorporate the Defendant's Motion and Plaintiff's response. The Plaintiff does not dispute the allegations but responds that he has provided all the information he has. The basis of the complaint by Defendant is that Plaintiff has continued to fail to respond to even the basic requests demanding Plaintiff's theory of the case and the evidence relied upon including witnesses, which I find to be material to the defense of this litigation.

Answer 10.: See answer to Interrogatory No: 2 and Interrogatory No: 8. See also Plaintiff's Amended Complaint. Plaintiff reserves the right to supplement his answer to this interrogatory.

Reason Answer must Be Supplemented:
Interrogatory Numbers 10, 11, 12, 13, 14, 18, 19 and 23:

In answer to Interrogatories 10, 11, 12, 13, 14, 18, 19 and 23, Plaintiff adopts other answers however those other answers are not specific to the questions posed in 10, 11, 12, 13, 14, 18, 19 and 23 and are accordingly not responsive. While the facts may overlap each individual interrogatory asks a different question and accordingly to the extent the facts relevant to that particular interrogatory is not identified HABC will move to preclude the fact at trial if not supplemented fully."
ECF 59.

The above is just one example of failure to comply with discovery. One question relating to Plaintiff's criminal history remained unanswered completely. When questioned at the hearing about this failure (regarding Plaintiff's criminal history), counsel for Plaintiff stated she had filed an answer but later withdrew that response and stated she had never answered that particular interrogatory. It is also important to note that Plaintiff at no time sought any protective orders or any assistance from the Court. Plaintiff admitted such on the record at the hearing. Plaintiff has also not complained of any discovery "abuse" or excessive requests by Defendant.

At the hearing the Court inquired whether Plaintiff had a theory of the case. Plaintiff stated that it did have a theory of the case. The Court inquired whether counsel relied upon facts, witnesses and documents to support that theory. Counsel responded that Plaintiff would rely on documents, and witnesses but also that Plaintiff had filed for Leave to File a Third Amended Complaint which would abandon two counts and help focus discovery. The Court reminded Plaintiff that discovery would be soon closing and focusing the case did not relieve Plaintiff of his discovery obligations. When questioned about Plaintiff's failure to respond to specific requests, Plaintiff responded that the information provided was all the information Plaintiff had

and that if Defendant believed it to be insufficient to support Plaintiff's claims, then Defendant could file a motion for summary judgment.

The filing of ECF 55 constituted the third round of a motion to dismiss for failure to provide discovery. Each time, Defendant has provided specific requests to Plaintiff in accordance with Local Rule 104.8, and attempted to resolve the disputes without the Court's assistance. Each time, Plaintiff has failed to adequately comply with his discovery obligations or otherwise seek a protective order or other assistance from the Court.

FACTUAL FINDINGS AND LEGAL ANALYSIS

As Plaintiff was warned previously, dismissal of the action is an available sanction. Fed. R. Civ. P. 37(b)(2)(v). Due to the very nature of the court as an institution it must and does have an inherent power to impose order, respect, decorum, silence and compliance with lawful mandates. *United States v.Shaffer Equipment Co.,* 11 F.3d 450, 461 (4th Cir. 1993). Before exercising its inherent power to dismiss a case based on the wrongdoing of a party in the judicial process, a court must consider the following factors: (1) the degree of the wrongdoer's culpability; (2) the extent of the client's blameworthiness if the wrongful conduct is committed by its attorney, recognizing we seldom dismiss claims against blameless clients; (3) the prejudice to the judicial process and the administration of justice; (4) the prejudice to the victim; (5) the availability of other sanctions to rectify the wrong by punishing culpable persons, compensating harmed persons, and deterring similar conduct in the future; and (6) the public interest. *Project Management Co. v. Dyncorp Inter, LLC,* 734 F.3d 366, 374 (4th Cir. 2013).

The Court now turns to the discovery violations in this case in light of the 6 factors set forth in *Project Management Co. v. Dynacorp.* At the hearing, counsel for the Plaintiff admitted that Plaintiff had not provided the requested discovery. As to the first factor, culpability- in

counsel's words, Plaintiff provided all the information Plaintiff had. However, when questioned whether Plaintiff had a theory of his case and whether there was evidence by way of witnesses and documents, Plaintiff responded yes. If that is correct, then Plaintiff admitted culpability for failure to provide adequate responses. Whether Plaintiff had additional information or not, Plaintiff failed to respond and violated the Court's Order.

As to the second factor, the Court is to determine whether the failure to provide information should be attributed to the client or the attorney. If taken as true, counsel stated that Plaintiff had provided all the information it had. Therefore, it does not appear that the failure to provide discovery is due to the attorney's lack of effort or due diligence. If counsel's representations are correct, there simply is no more evidence to provide.

The third factor addresses the prejudice to the judicial process and administration of justice. This case was filed in October of 2014. The filings are replete with failure on the part of Plaintiff to provide discovery. The Court attempted on several occasions to remedy the failure of discovery by Plaintiff. Ultimately, the Court held the Motion to Dismiss in abeyance but warned that if Plaintiff continued in his failure to provide discovery, that dismissal was a viable option. The initial discovery period of March 16, 2016 was extended following the Court's intervention and attempts to resolve discovery, until October 31, 2016. The Defendant renewed its motion to dismiss on July 1, 2016. In the interim, Plaintiff has failed to remedy its non- compliance with the discovery deadline fast approaching. At the hearing, as stated previously, Defendant has yet to discover the factual basis including witnesses and evidence upon which Plaintiff relies to litigate his claim. Now, in addition, Plaintiff is seeking leave to file a Third Amended Complaint, which he describes as narrowing the scope of the litigation. In reality, Plaintiff seeks to dismiss two claims that he now admits are baseless. It is clear that Courts cannot operate on

6

such cavalier attitudes toward discovery and amendment of pleadings. Also as to the fourth factor, with no factual basis presented, the prejudice to Defendant is obvious and Plaintiff's failure to comply with the prior orders of this Court has had a significant negative impact upon the administration of justice.

The Court previously addressed Plaintiff's failure to provide discovery and as to the fifth factor, there is no adequate remedy short of sanctions, that has not already been offered Plaintiff. The breach of discovery is material, in that Plaintiff has failed to disclose the theory of his case, and the witnesses and evidence he relies upon to prove the theory.

The sixth factor, the public interest factor, weighs in favor of granting the Motion to Dismiss. Plaintiff claims he has provided all there is to provide. If that representation is true, there is insufficient evidence to support this litigation because that evidence does not exist. There is a strong public interest in insuring the integrity of the judicial process. *Management Co. v. Dyncorp Inter, LLC, at* 373-74. And as stated by the court in *Dynacorp* , "there has been substantial prejudice to the judicial process…and several attempts at partial remedies have failed." *Id. at* 374. There is an equally strong argument in the Court's inherent ability "…to impose order, respect, decorum, silence and compliance with lawful mandates. *United States v.Shaffer Equipment Co.,* 11 F.3d 450, 461 (4th Cir. 1993).

CONCLUSION

For the reasons set forth above, and after a full and fair hearing in open Court,   I recommend that:

    1. The Court grant Defendant's  Renewed Motion to Dismiss the Complaint for failure to provide discovery and failure to comply with the lawful order of this Court (ECF 55); and

    2. The Court dismiss Plaintiff's Complaint with prejudice.

7

I also direct the Clerk to send a copy of this Report and Recommendation to counsel for the parties.  Any objections to this Report and Recommendation must be served and filed within fourteen (14) days, pursuant to Fed. R. Civ. P. 72(b) and Local Rule 301.5.b.

August _____, 2016.

A. David Copperthite
United States Magistrate Judge