## IN THE UNITED STATES DISTRICT COURT OF MARYLAND
## FOR BALTIMORE

**WILLIAM B. HARRIS, II**

      PLAINTIFF

Vs.

**HOUSING AUTHORITY OF BALTIMORE CITY**

      DEFENDANT

CIVIL CASE 14-03395

### PLAINTIFF'S OBJECTION TO THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION DISMISSING PLAINTIFF'S COMPLAINT AS A DISCOVERY SANCTION

NOW COMES, William B. Harris, II, ("Plaintiff"), by his undersigned counsel, pursuant to Federal Rule of Civil Procedure 72(b), objects to the Magistrate Judge's Report and Recommendation (respectfully "R&R"). The Magistrate Judge erred in recommending that the Court Grant the Defendant's Motion to dismiss as a discovery sanction for alleged discovery violations by:

1. Disregarding established precedent that states that dismissal is an "extreme sanction" that is reserved for "only the most flagrant case, where the party's noncompliance represents [b]ad faith and [c]allous disregard for the authority of the district court and the Rules.

Accordingly, the Court should decline to adopt the R&R. Instead, it should sustain Plaintiff's objection and deny the Defendant's Motion to Dismiss as a discovery sanction.

1

Respectfully Submitted,
THE LAW OFFICES OF KIM PARKER, P.A.

/s/ Kim Parker /s/
_____
Kim Parker, Esq. (Bar No.: 23894)
2123 Maryland Avenue
Baltimore, Maryland 21218
410-234-2621
Fax: 410-234-2612
Email: kp@kimparkerlaw.com

**COUNSEL FOR PLAINTIFF**
**WILLIAM B. HARRIS, II**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 13th day of September, 2016, the Plaintiff has served a copy of his Objection to Magistrate Judge's Report and Recommendation Dismissing Plaintiff's Complaint as a Sanction, via the Court's ECF Filing System, on Counsel of Record for the Defendant.

/s/ Kim Parker /s/
_____
Kim Parker, Esquire

2

### IN THE UNITED STATES DISTRICT COURT OF MARYLAND
### FOR BALTIMORE

**WILLIAM B. HARRIS, II**

      PLAINTIFF

Vs.

**HOUSING AUTHORITY OF BALTIMORE CITY**

      DEFENDANT

CIVIL CASE 14-03395

### MEMORANDUM IN SUPPORT OF OBJECTION TO THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION TO DISMISS PLAINTIFF'S COMPLAINT WITH PREJUDICE

## I.   STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 37(d)(1)(A)(ii), the Court may grant a motion for sanctions if a party fails to serve answers, objections, or a [w]ritten response to properly served interrogatories. The motion must certify that "the movant has in good faith conferred or attempted to confer with the party failing to act in an effort to obtain the answer or response without court action." Fed. R. Civ. P. 37(d)(1)(B).

The Fourth Circuit Court of Appeals has established four factors that a district court must consider before imposing dismissal as a sanction: (1) whether the noncomplying party acted in bad faith; (2) the degree of prejudice suffered by other parties as a result of the failure to comply; (3) the deterrence value of dismissal for such noncompliance; and (4) the efficacy of a less drastic sanction. Id. Before

3

dismissing a case with prejudice, the district court "must find its basis in good reason" and "should clearly state its reasons so that meaningful review may be had on appeal." *Wilson v. Volkswagen of Am., Inc.*, 561 F.2d 494, 505 (4th Cir. 1977) (footnotes and internal quotation marks omitted); see also S*. States Rack and Fixture, Inc. v. Sherwin-Williams, Co.*, 318 F.3d 592, 597 (4thCir. 2003) (internal quotation marks omitted).

The sanction of dismissal "is generally limited to 'the most flagrant case[s], where the party's noncompliance represents bad faith and callous disregard for the authority of the district court and the Rules.'" *Hughley v. Leggett,* No. DKC-11-3100, 2013 WL 3353746, at *2 (D. Md.July 2, 2013) (quoting *Mut. Fed. Sav. & Loan Ass'n v. Richards & Assocs.,* Inc., 872 F.2d 88, 92 (4th Cir. 1989)). In those cases, the Fourth Circuit requires district courts to "'provide explicit and clear notice when they intend to dismiss the plaintiff's action,'" or "precede dismissal with an 'explicit and clear' threat to a party that failure to meet certain conditions could result in dismissal of the party's case with prejudice." *Okpala v. Computer Scis. Corp.*, 585 Fed. App'x 298, 298 (4th Cir. 2014) (quoting *Choice Hotels Int'l, Inc. v. Goodwin & Boone,* 11 F.3d 469, 471-72 (4th Cir. 1993)); *Sadler v. Dimensions Health Corp.*, 178 F.R.D. 56, 59 (D. Md. 1998).

## II.   ARGUMENT

### a) Defendant Have Failed to Meet the Extremely High Standard of Demonstrating the "Flagrant Bad Faith[1]" or Willfulness on the Part of Plaintiff.

---

[1] "Bad faith encompasses deliberate disregard, haphazard compliance or willful conduct – demonstrating complete disregard for the Court's order. See *Wilson v. Volkswagen of America, Inc.*, 561 F.2d 494 (4th Cir. 1977).

Although Federal Rule of Civil Procedure 37 gives trial courts discretion to impose sanctions for violating discovery orders, the rule does not permit courts to enter judgment against a litigant for violating a discovery order "when it has been established that failure to comply has been due to inability, and not to willfulness, bad faith, or any fault of [the non-complying party]." *Rogers*, 357 U. S. at 212 (emphasis added); *see also Wilson*, 561 F.2d at 503 (Rule 37 discretion must be exercised "discreetly and never 'when it has been established that failure to comply has been due to inability, and not to willfulness, bad faith, or any fault of [the noncomplying party].'" (quoting *Rogers*, 357 U. S. at 212).

Moreover, this Circuit has found dismissal may be warranted "when a party deceives a court or abuses the process at a level that is utterly inconsistent with the orderly administration of justice or undermines the integrity of the process." <u>United States v. Shaffer Equip. Co.</u>, 11 F.3d 450, 462 (4th Cir. 1993). Even in a case involving fraudulent altering or spoliation of documentary evidence (the original version of which "eventually came to light") – conduct described as "misconduct that was certainly egregious and burdened an already stretched court with months of needless litigation" – the Court found that the "integrity of the judicial process was [n]ot so greatly frustrated as to warrant the 'particularly severe sanction' of dismissal." <u>*Suntrust Mortgage, Inc., v. United Guaranty Residential Ins.* Co.</u>, Nos. 11-1956, 11-2086, 2013 U.S. App. LEXIS 2349, at *29-30 (4th Cir. Feb. 1, 2013); *see also Shaffer Equip.*, 11F.3d at 463 (in reversing dismissal, finding insufficient consideration given to "broad policies of deciding cases on merits" when "integrity of

the process had not been permanently frustrated"). This high standard comports with "the sound public policy of deciding cases on their merits and not depriving parties of their fair day in court." <u>Choice Hotels</u>, 11 F.3d at 472 (4th Cir. 1993) (citations and internal quotation marks omitted)

Plaintiff proffers to the Court that despite the protestations and overwrought demands, that all of the reasonably relevant information to which the Defendant would be entitled have been produced or offered for production. In fact, the Plaintiff has produced over 800 pages of discovery to date.

Plaintiff has, in good faith, complied with this Court's order by responding to the interrogatories and producing documents in response to the requests for production to the best of his ability and based on the information in his possession at the time of the response. Defendant's suggestion, that they have not been provided everything in discovery is based upon pure speculation and hyperbole. It is also important to note, that the Defendant did not provide any basis for such assertions.

In Defendant's Counsel June 28, 2016, email to Plaintiff's Counsel, she *boldly* stated that Plaintiff should have enough information to prove his case. Specifically:

"*You have the right to supplement discovery, but you do not have the right to withhold information and at this point nearly two and a half years after the alleged acts and a year and a half after you filed suit,* **<u>you should have most of this information already in your control</u>**".

Exhibit A.

As Defense Counsel confirmed in her email, Plaintiff has the right to supplement his responses. He has done so in this case, repeatedly, and in good faith.

Defendant has stated no rule or case decision to support their bold ascertains that Plaintiff "**should have most of the information already in his control**". Discovery is a search for the truth. The Defense was well aware that discovery ended on October 31, 2016. As further evidence of Plaintiff's good faith, he attempted to schedule depositions[2]. **Exhibit B**

On May 26, 2016, Defendant sent its notice of alleged deficiencies.  **Exhibit C.**

On June 6, 2016, Plaintiff responded to the Defendant's correspondence and also supplemented discovery responses. **Exhibits D through D2.**

On June 17, 2016, Defendant sent a subsequent discovery dispute letter. In the letter, the Defendant's Counsel stated in pertinent part that:

**"You have addressed many of our concerns but they are still deficient as set forth herein",** which belies the Defendant's argument that the Plaintiff has acted in bad  faith. **Exhibit F.**

On June 27, 2016, the Plaintiff supplemented its responses to Interrogatories again, in his good faith attempt to address any alleged deficiencies. **Exhibit G**

On June 28, 2016, Defense Counsel sent an email, where she stated the following:

**"Your failure to answer discovery [c]ompletely at this point is nothing less than willful and a waste of our time.  We will file a motion seeking the court's assistance and will seek sanctions as relief". Exhibit H**

As demonstrated *supra,* Plaintiff has diligently supplemented his discovery responses, with recently obtained information and within the period of fact

---

[2] It is important to note that the Magistrate Judge Ordered the parties to cancel any depositions, until such time as he issued a ruling on Defendant's Motion to Dismiss.

discovery[3]. Moreover, fact discovery is not closed. Despite Plaintiff's diligence and properly amended discovery responses, the Defendant still objected, and Plaintiff in good faith has consistently responded to such objections, in good faith.

Furthermore, on September 13, 2016, Plaintiff again served supplemental responses on the Defendant's Counsel, in an attempt to continue to address her allegations of ambiguity and non-responsiveness. **Exhibit I.**

The evidence demonstrated in the record, reflects that Plaintiff has acted in good faith and did not willfully disregard the Court's May 31, 2016, Order, thus the Magistrate Judge's R&R clearly erred in finding that Plaintiff acted in bad faith and Plaintiff's objection should be sustained.

b) **The Defendant cannot meet its burden to demonstrate prejudice.**

This Court "must consider whether evidence withheld is material." _Johnson v. Diversified Consultants, Inc., No_. PWG-15-1486, 2016 1464549, at *3 (D. Md. Apr. 13, 2016) (citing _Mut. Fed. Sav. & Loan Ass'n_, 872 F.2d at 93).

The only interrogatory that Plaintiff objected too and did not answer was a request for information pertaining to Plaintiff's alleged criminal records. Defendant complains that Plaintiff did not provide information respecting any alleged criminal records. Plaintiff responded that he did not believe that the information was relevant to whether the Defendant discriminated against him. The Defendant, at no time, provided any legal basis to support its argument that the foregoing interrogatory was relevant and likely to lead to the discovery of discoverable

---

[3] The Discovery Deadline is October 31, 2016

8

information. Despite Plaintiff's objection, he provided the information requested in a supplement to Defense Counsel. (**See Exhibit I page 18**).

Even where a discovery failure causes prejudice to the movant, dismissal is a sanction of **[l]ast [r]esort**, not first. A proper sanction is one that is "no more severe . . . than is necessary to prevent prejudice to the movant." *Wilson*, 561 F.2d at 504 (quoting *Diaz v. S. Drilling Corp.*, 427 F.2d 1118, 1127 (5th Cir. 1970)). Thus, the Fourth Circuit Court of Appeals has reversed district court decisions to enter judgment as a discovery sanction when less drastic remedies might have sufficed. *See Hathcock v. Navistar Int'l Transp. Corp.*, 53 F.3d 36, 41 (4th Cir.1995) (finding abuse of discretion in default sanction where "the district court imposed no lesser sanction as a preliminary deterrent"), and *Lolatchy v. Arthur Murray, Inc.*, 816 F.2d 951, 953 (4th Cir. 1987) (finding abuse of discretion in default sanction where there was nothing in the record to suggest that less extreme sanctions "would not have promptly cured" defendant's discovery deficiencies) with *Mut. Fed.*, 872 F.2d at 93 (default judgment deemed appropriate sanction when lesser sanctions earlier in the discovery process had little, if any impact on the defendants).

The information sought, regarding Plaintiff's Criminal record was not material to Defendant's defense of Plaintiff's claims, thus the Defendant cannot state a good faith basis for prejudice, thus the Magistrate Judge's R&R erred in finding Defendant had been prejudiced.

c) **Plaintiff did not willfully disobey the Court's Order, thus dismissal as a deterrence, is not appropriate and would severely prejudice the Plaintiff**

On May 27, 2016, the Court conducted a telephonic status conference (the "Discovery Conference"), regarding Defendant's Motion to Dismiss, for Plaintiff's failure to respond to discovery in the case. The Court addressed those failures, and stated:

"The Court WARNED Plaintiff's counsel that any further, material violations will result in dismissal of the case as a sanction. See Fed. R. Civ.P. 37(b)(2)(v) (authorizing dismissal as a sanction for noncompliance with a discovery order)".

In compliance with the Court Order, Plaintiff immediately sent amended draft responses to the Defendant's Counsel, and addressed, with the information in his possession, the Defendant's continued discovery dispute. The record before this Court reflects Plaintiff's efforts.

The Fourth Circuit generally impose a dispositive sanction only in cases where the noncompliant party disregarded an earlier, lighter sanction, such as a protective order, a motion to compel, or the payment of attorney's fees. See,e.g., *Anderson*, 155 F.3d at 505 (finding that an entry of default judgment was warranted where a protective order had not deterred abuses); *Mut. Fed. Sav. & Loan Ass'n*, 872 F.2d at 89-94 (holding that default judgment was proper where the court had issued five prior orders to compel, all of which went unanswered, and had levied an earlier sanction of costs).  While a court has broad discretion to impose sanctions on a party who fails to comply with the Court's discovery orders, when the sanction to be imposed is dismissal of an action, "the range of discretion is more narrow than when a court imposes less severe sanctions." *Hathcock v. Navistar*

_Intern. Transp. Corp._, 53 F.3d 36, 40 (4th Cir. 1995). The Fourth Circuit has held that it is an abuse of discretion for a court to dismiss a case due to a discovery violation without having first imposed a "lesser sanction as a preliminary deterrent" and when there was not even a previous order compelling discovery. Id. at 41.

As stated _supra_, the Court held a Discovery Conference to address Plaintiff's failure to respond to discovery. The Court has never issued an Order with regard to the sufficiency of Plaintiff's response to discovery. The Plaintiff has complied with the Court's Order, which at the time, was to respond to the Defendant's discovery and did so in good faith, albeit the objections from Defense Counsel.

The instant motion filed by the Defendant, which the Magistrate Judge based his recommendation, alleges that Plaintiff's responses were not sufficient. Instead of filing a Motion to Compel to have the Court address any alleged deficiencies, the Defendant filed a Motion to Dismiss, alleging "continued failure to provide discovery" **Defense Motion¶13**, which, a review of the record, proves to be incorrect.

It is clear, that Defendant's Motion was filed in an attempt to gain an unfair advantage over Plaintiff in this case and to promote ill will. This Court has a longstanding history of resolving cases on the merits instead of disposing of them on technicalities.'" Matrix Capital,576 F.3d at 193 (quoting _Laber_, 438 F.3d at 426).

For these reasons, dismissal is not appropriate in this case and the Magistrate Judge R&R erred in finding that dismissal was the appropriate sanction.

WHEREFORE, In light of the foregoing, Plaintiff respectfully request that this Court sustain Plaintiff's Objection and for such other and further relief as may be deemed just and proper.

Respectfully Submitted,
THE LAW OFFICES OF KIM PARKER, P.A.

/s/ Kim Parker /s/

_____
Kim Parker, Esq. (Bar No.: 23894)
2123 Maryland Avenue
Baltimore, Maryland 21218
410-234-2621
Fax: 410-234-2612
Email: kp@kimparkerlaw.com
**COUNSEL FOR PLAINTIFF**
**WILLIAM B. HARRIS, II**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 13th day of September, 2016, the Plaintiff has served a copy of his Objection to Magistrate Judge's Report and Recommendation Dismissing Plaintiff's Complaint as a Sanction, via the Court's ECF Filing System, on Counsel of Record for the Defendant.

/s/ Kim Parker /s/

_____
Kim Parker, Esquire

IN THE UNITED STATES DISTRICT COURT OF MARYLAND
FOR BALTIMORE

| | |
|---|---|
| WILLIAM B. HARRIS, II | CIVIL CASE 14-03395 |
| PLAINTIFF | |
| Vs. | |
| HOUSING AUTHORITY OF BALTIMORE CITY | |
| DEFENDANT | |

## REQUEST FOR A HEARING ON MOTION

Plaintiff request for a hearing on the Plaintiff's Objection to Magistrate Judge's Report and Recommendation.

Respectfully Submitted,

/s/ Kim Parker /s/

_____
Kim Parker, Esquire (Bar No.: 23894)
The Law Offices of Kim Parker, P.A.
2123 Maryland Avenue
Baltimore, Maryland 21218
410-234-2621
F: 410-234-2612
kp@kimparkerlaw.com

COUNSEL FOR PLAINTIFF
WILLIAM HARRIS

13