# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND (Northern District)

| | | |
|---|---|---|
| WILLIAM B. HARRIS, II, | * | |
| Plaintiff, | * | |
| v. | * | CIVIL ACTION NO. 1:14- CV-03395-JKB |
| HOUSING AUTHORITY OF BALTIMORE CITY, et al. | * | |
| | * | |
| Defendant. | | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## REPLY IN SUPPORT OF
## ECF 64 REPORT AND RECOMMENDATIONS

Defendant, Housing Authority of Baltimore City ("HABC"), by its undersigned counsel replies in support of the United State Magistrate Judge A. David Copperthite's Report and Recommendations in support of dismissal as set forth in ECF 64 issued in response to HABC's renewed motion to dismiss Plaintiff William B. Harris's Complaint for failure to answer interrogatories and respond to requests for production of documents.   For reason, Defendant states:

1.  Plaintiff has filed yet another reply (ECF 65) citing the same reasons he previously gave for not answering discovery.  Plaintiff's opposition does not cure the issues, nor explain why Plaintiff has yet again failed to answer discovery.

2.  On September 13, 2016, Plaintiff 's counsel sent Defendant's counsel a letter informally supplementing more interrogatories and explaining why the document production is adequate. See ECF 65-11. Without even looking at the substance of her letter, that correspondence is not under oath and

does not satisfy the rules regarding executed interrogatories.  Plaintiff has been twice advised by the Court that interrogatories should be executed, moreover the rules require it.

    3.  Defendant further objects to that letter as still non-sufficient. Plaintiff counsel for whatever reason does not understand that simply producing over 500 pages of produced document does not give Defendant any idea what the nature of Plaintiff's case is or what documents Plaintiff intends to rely upon to support each allegation.  Plaintiff counsel has also said "Plaintiff removed all duplicates and has will sending the same, via the Dropbox."  But to date no notice of any changes to drop box have been received.

    Defendant is absolutely entitled to ask for specific responses to documents and the Plaintiff must provide them in accordance with Federal Rule of Civil Procedure 34(2)(b)(E), which states:

> (E) *Producing the Documents or Electronically Stored Information.* Unless otherwise stipulated or ordered by the court, these procedures apply to producing documents or electronically stored information:
>
> (i) A party must produce documents as they are kept in the usual course of business or must organize and label them to correspond to the categories in the request;

Notwithstanding Plaintiff still fails that burden.  They were neither produced in the usual course of business nor organized in any way to correspond to the categories in the request.

    4.  The letter also fails on its merits to supplement the answers to interrogatories.  It again merely recites contentions and beliefs without identifying the specific facts, people with knowledge of the facts and documents in support of those facts.  That is not the purpose of discovery, nor a good faith response to discovery.

5. Defendant is prejudiced by these repeated failings. Not only is the discovery schedule, which has already been continued once because of Plaintiff's failures, about to close without having any sense of the facts supporting Plaintiff's case, but Defendant has spent a ridiculous sum of money just trying to compel information it still has not been provided.

6. Plaintiff has never sought relief from the court to limit discovery or otherwise limit its obligation to respond.  Plaintiff has no legitimate reason for not answering with the required specificity. Simply saying that Plaintiff has identified all the information Plaintiff possesses only undermines its original argument in opposition to Defendant's initial motion to dismiss or in the alternative for summary judgment.  At that time Plaintiff opposed the motion based on needing discovery. Discovery is nearly over, and Plaintiff still cannot assert a factual basis to support his case or even answer discovery.

7.  Dismissal is a last resort sanction. But in this case it is warranted.  Plaintiff has been repeatedly warned and still failed to provide required discovery.

8.  To date Plaintiff still has not even supplemented an expert designation in accordance with requirements of the Federal Rules despite Defense counsel advising in her open Court, in the hallway following court and in a  subsequent email in support.  See Ex. A, attached hereto.  This is not a state court action with looser expert rules but a Federal action under a more complicated and demanding set of procedure.

WHEREFORE, the Defendant, Housing Authority of Baltimore City, prays that this Court follow the Magistrate Judge's Report and Recommendations and grant Defendant's Renewed Motion to Dismiss as Sanctions for Plaintiff's Continuing Failure to Answer Interrogatories and Respond to Request for Production of Documents and enter an order, pursuant to Federal Rules of Civil Procedure

37(a) and (d)(3), dismissing Plaintiff's claims against Defendant or prohibiting Plaintiff from supporting or opposing its claims and Defendant's defenses with any information not already provided by Plaintiff in discovery. Defendant further seeks an award of attorneys' fees and costs, and requests that this Court order such other relief as law and equity require.

Respectfully submitted,

_____
Carrie Blackburn Riley
Federal Bar No. 22778

Blackburn Riley, LLC
828 Dulaney Valley Road, Suite 4
Baltimore, Maryland 21204
410 825 8088
410 215 8279 (cell)
410 321 4944 (fax)

Attorney for Defendant
Housing Authority of Baltimore City

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 18 day of September 2016, a copy of the Reply in Support of Ecf 64 Report and Recommendations was electronically filed and in accordance with the Rules of Procedure no mailed service copy was required to be sent to: Kim Parker, Attorney, Law Offices of Kim

Parker, P.A. 2123 Maryland Avenue, Baltimore Maryland 21218, kp@kimparkerlaw.com, attorney for Plaintiff William B. Harris, II .

                                                _____ Carrie Blackburn Riley