IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| WILLIAM B. HARRIS, II, | * | |
| Plaintiff, | * | |
| v. | * | CIVIL NO. 1:14- CV-03395-JKB |
| HOUSING AUTHORITY OF BALTIMORE CITY, et al. | * | |
| | * | |
| Defendant. | | |

* * * * * * * * * * * * * * * * * * *

## HOUSING AUTHORITY OF BALTIMORE CITY'S RESPONSE TO PLAINTIFF'S CONFERENCE REQUEST

Defendant Housing Authority of Baltimore City, by its undersigned attorney, responds to Plaintiff's Request for Conference (ECF Doc. 72).

1. Undersigned counsel is available for a conference on:

Thursday, 10/6 after 2 p.m. (Counsel is in a video deposition of an expert starting at 10 a.m.)
Friday 10/7, after 2 p.m. (Counsel is in a hearing before Honorable George L. Russell III, of the U.S. District Court in the morning.)
Monday, 10/10
Tuesday, 10/11 after 12:30 (Counsel is in trial in District Court for Baltimore City in the morning)

The best way to reach undersigned counsel is by email or by cell 410 215 8279. Counsel is not available after 10/11/15 as she will be in services on 10/12/16 for Yom Kippur and traveling to New Orleans for conference on 10/13/16 and returns on 10/16/16.

2. Preliminarily, Plaintiff's counsel complains that HABC's Chief of Human Resources is a new employee and "highly doubt[s]' she is qualified to serve as corporate designee to speak about topics that are largely employment related. HABC notes that the witness Kimberly Graham was HABC's Director of Human Resources from 2006 through August 30, 2013. She returned on July 18, 2016 and now serves as Chief of Human Resources. Her position is

essentially the same although the title has changed. The interim chief no longer works for HABC. The Human Resources staff largely involved in the underlying employment action no longer work for HABC. There is no better qualified individual than Ms.Graham.

3. Regarding the scheduling issues, HABC states that it has no way impeded the ability to set the corporate designee deposition and the email threads reveal HABC has pushed quickly to provide available dates equaling a full day's availability, which Plaintiff's counsel refuses to accept because it is divided over two days within a week. See Ex. 1, lengthy email thread.

4. On September 29, 2016, following the Court's order lifting the discovery stay, Defense Counsel initiated the scheduling of depositions by asking for dates to take Plaintiff and his fact witnesses. Defense Counsel identified c 10, 17, 24, 25, 26, 27 or 31, as well as the morning of 10/20. Undersigned did not detail the time constraints on those dates because as the taker of the deposition she controlled the approximate times the depositions would take. See Ex. 1.

5. On October 3, 2016, Plaintiff's counsel responded identifying four dates, one of which was not on Defense Counsel's list of available dates. She identified: October 17, 21, 25 and 27. Later that same day she asked about HABC's corporate designee's availability. See Ex. 1.

6. Defense counsel responded that same day in an email dated October 03, 2016 7:12 PM stating:

> I will talk to HABC about a designee. The person I had arranged previously is no longer with HABC. Some of the dates you gave back to me were not on my list of available dates so let me get back to you later this week. I am off again tomorrow for Rosh Hashanah and trying to limit my work.

See Ex. 1. In that same email, Defense counsel again asked about the deficiencies in Plaintiff's expert disclosure and inquired if Plaintiff's counsel could accept service for fact witnesses. To

2

date, Plaintiff's counsel has not responded at all regarding the fact witnesses or the deficient expert disclosure.

       7. The following day, October 4, 2016, Defense counsel wrote:

> I have spoken with Kimberly Graham  HABC's new Chief Human Resources Officer about serving as HABC's Corporate designee. (She was HABC's Chief Human Resources Officer several years ago but relocated and was recently rehired.)
> Of the dates you provided she is available on 10/27 from 9 am - 12:30 pm. We will hold that date for you this week but need confirmation that you want us to hold it. If I do not receive confirmation by week's end I will release the date.
> I am also available on 10/31 although it was not included in your list of available dates.  If Ms. Graham cannot be completed in that 3.5 hour window on 10/27, are you available to continue on 10/31 if she is available? (I have asked her but have not heard back yet).

See See Ex. 1 October 4, 2016 11:29:52 PM  email.

       8.  On October 5, 2016, Plaintiff's counsel sent a notice of deposition setting the designee for October 31, 2016 despite Defense counsel's statement that October 27, 2016 was available and that she had not cleared the other date with the witness.   Minutes later Defense counsel reiterated the desire to start on October 27 and the lack of confirmation of availability on October 31.  See See Ex. 1 October 5, 2016  Email thread.

       9.  Despite Defense Counsel's repeated requests for flexibility in breaking the deposition up over two days within the same week and offer of the same amount of time over two days, Plaintiff's counsel insists it must occur all in one day, which is also the last day of discovery. See email thread.

       10.  Contrary to Plaintiff's counsel's summary regarding availability, HABC designated a singular and the best qualified witness, but requested that due to the witness' availability on the three overlapping dates that counsel had exchanged, that the deposition begin on October 27,

2016, at 9 a.m. and go to 12:30 p.m. and continue as necessary on October 31, 2016 from 10 a.m. until 2 p.m.  This schedule does not interfere with Plaintiff's Counsel's request for a full day's deposition, it simply spreads the seven and a half hours out over two days within a four day period.  As noted in Counsel's deposition notice, which she issued after being advised of a scheduling conflict on October 31, 2016, she planned to run the deposition starting at 9:45 a.m and allowing for a one hour lunch break such that her day was still only seven hours.  See Email dated 10/5/16 12:34 AM attached hereto as Ex. 1.

      11. Defense counsel has offered an alternative solution on days that Plaintiff's counsel is available.  Plaintiff's counsel's inflexibility is contrary to the spirit of cooperation in discovery.

      12.  We agree a conference would be beneficial regarding the scheduling and also to address the discovery, which has still not been supplemented including but not limited to the interrogatories, requests for documents and Plaintiff's expert designation.  See Ex. 1 email dated September 28, 2016 and October 3, 2016; See also Ex. 2.  The discovery has been and remains the subject of pending motions.  The expert issue arose in August and to date has not been addressed despite several emails, an in person conversation with Plaintiff's counsel, and Defense counsel's articulated concern during the hearing before Magistrate Judge A. David Copperthite . See Ex. 2, emails dated August 22-24, 2016.  In further support see Plaintiff's expert designation attached as Ex. 3 and previously filed as ECF 61.

      Respectfully submitted,

Carrie Blackburn Riley
Federal Bar No.22778
Blackburn Riley, LLC

828 Dulaney Valley Road, Suite 4
Baltimore, Maryland 21204
410-825-8088
410-321-4944 FAX
cbr@BlackburnRiley.com

Attorney for Defendant
Housing Authority of Baltimore City

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 6th day of October, 2016, a copy of the foregoing Housing Authority of Baltimore City's Response To Plaintiff's Conference Request was electronically filed and in accordance with the Rules of Procedure no mailed service copy was required to be sent

_____
Carrie Blackburn Riley